J-A28013-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
:
v.   :
:
:
SCOTT ALLEN WHITE   :
:
Appellant   :   No. 1816 WDA 2019

Appeal from the PCRA Order Entered November 6, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000647-2016

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:          FILED DECEMBER 30, 2020

Appellant, Scott Allen White, appeals pro se from the order entered on November 6, 2019, which denied his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The Commonwealth accused Appellant of committing numerous sexual crimes against a 14-year-old girl. Following trial, the jury found Appellant guilty of: six counts of involuntary deviate sexual intercourse; five counts of unlawful contact with a minor; five counts of statutory sexual assault; five counts of aggravated indecent assault; one count of sexual assault; one count of corruption of a minor; and, 14 counts of indecent assault.[1] On November 30, 2017, the trial court sentenced Appellant to serve an aggregate term of 262 to 596 months in prison for his convictions. We affirmed Appellant's

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3122.1, 3125(a)(8), 3124.1, 6301(a)(1), and 3126(a)(8), respectively.

judgment of sentence on January 30, 2019. Commonwealth v. White, 209 A.3d 541 (Pa. Super. 2019) (unpublished memorandum) at 1-15.

On March 22, 2019, Appellant filed a timely, pro se PCRA petition and the PCRA court appointed counsel to represent Appellant during the proceedings. However, on August 19, 2019, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). After reviewing counsel's no-merit letter, the PCRA court granted counsel permission to withdraw and issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, that it intended to dismiss the petition in 20 days, without holding a hearing. PCRA Court Order, 8/29/19, at 10.

Appellant responded to the PCRA court's Rule 907 notice and, in his response, Appellant declared that he "only intends to present the argument of his sentence of 262 to 596 months imposed by [the trial court] and begs [the PCRA court] to present him the statutory authorized legality of such a long sentence of so many consecutive terms being imposed upon him." Appellant's Response to Rule 907 Notice, 9/13/19, at 3. Appellant requested that the PCRA court "re-visit [Appellant's lengthy] imposed sentence nearly amounting to death by incarceration prior to the complete dismissal of his [PCRA petition]." Id. at 5-6 (emphasis and some capitalization omitted).

The PCRA court finally dismissed Appellant's petition on November 6, 2019 and Appellant filed a timely notice of appeal. PCRA Court Order,

11/6/19, at 4; Appellant's Notice of Appeal, 12/6/19, at 1.  Appellant lists four

claims on appeal:

> 1.  Did the PCRA court err by permitting PCRA counsel to withdraw under Turner/Finley where Appellant was not contemporaneously served with a copy of counsel's pleadings as required by Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006), which prevents him from fairly responding to counsel's "no-merit" letter in his Rule 907 response?
>
> 2. Did PCRA court err by failing to timely consider and address the merits of Appellant's motion to reconsider the court's dismissal order before the appellate window expired?
>
> 3. Whether the PCRA court erred in dismissing Appellant's PCRA petition without a hearing and denying him an opportunity to amend under Rule 905 where issues of arguable merit were present which required further factual development at an evidentiary hearing?
>
> 4. Whether the PCRA court erred by failing to ensure Appellant was provided with copies of his trial and sentencing transcript for purposes of his PCRA prior to dismissing his petition as meritless?

Appellant's Brief at 4 (some capitalization omitted).[2]

_____

[2] The PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant complied and listed the following claims in his Rule 1925(b) statement:

> [1.] The PCRA court committed an error of law by permitting PCRA counsel to withdraw under Turner/Finley where [Appellant] was not served with a copy of counsel's pleadings as required [by] Commonwealth v. Friend, 896 A.2d 607, 614-15 (Pa. Super. 2016) and Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007), which prevented him from filing a reasoned response and demonstrating how PCRA

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error.  Our standard of review of a PCRA court's legal conclusions is de novo."  Commonwealth v. Cousar, 154 A.3d 287, 296 (Pa. 2017) (internal citations omitted).

_____

> counsel failed to fulfill his duty due to his failure to contemporaneously serve [Appellant].  . . .
>
> [2.] The PCRA court committed an error of law by failing to consider and address the merits of [Appellant's] timely motion for reconsideration/modification of the court's order of November 4, 2019 which preceded the notice of appeal, but inexplicably went unaddressed until December 12, 2019 due to a breakdown in the process and operations of the court preventing the proper presentation of issues to be preserved in a Rule 907 response, and [Appellant] from seeking leave to amend his timely-filed, first PCRA petition to his prejudice.  . . .
>
> [3.] The PCRA court committed an error of law by dismissing [Appellant's] PCRA [petition] without a hearing where other issues of arguable merit impacting the legality of the sentence imposed were present, but overlooked by PCRA counsel and the court, which warranted a hearing and may be addressed sua sponte by the Superior Court.  Namely, the constitutionality of the registration requirements imposed upon him which amount to cumulative punishment in violation of double-jeopardy.
>
> [4.] The PCRA court erred by failing to ensure that [Appellant] had copies of his trial and sentencing transcripts to ensure him of a full and fair review.  [Appellant's] ability to identify other potential claims that would entitle him to relief is undeniably compromised by his lack of access to all relevant transcripts, especially when filing claims pro se without the benefit of full and complete transcripts, and where PCRA counsel did not meet with him in person to review the transcripts.

Appellant's Rule 1925(b) Statement, 1/27/20, at 2-3.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. See Commonwealth v. Jones, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." Id.

Finally, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a

hearing." Commonwealth v. Paddy, 15 A.3d 431, 442 (Pa. 2011) (internal quotations and citations omitted).

First, Appellant claims that the PCRA court erred when it permitted his attorney to withdraw because, Appellant claims, counsel failed to "contemporaneously serve[ him] with a copy of" the Turner/Finley notices and "no merit" letter. This claim is waived and meritless.

At the outset, Appellant has waived his claim of error, as Appellant did not object to counsel's alleged failing in his response to the PCRA court's Rule 907 notice. Indeed, Appellant's response to the Rule 907 notice merely challenged the length of his sentence. See Appellant's Response to Rule 907 Notice, 9/13/19, at 1-6 (Appellant declared that he "only intends to present the argument of his sentence of 262 to 596 months imposed by [the trial court] and begs [the PCRA court] to present him the statutory authorized legality of such a long sentence of so many consecutive terms being imposed upon him"). Thus, Appellant waived his claim that the PCRA court erred in permitting counsel to withdraw under Turner/Finley. See Commonwealth v. Pitts, 981 A.2d 875, 879 n.3 (Pa. 2009) (holding: a petitioner "waive[s] any issue pertaining to the adequacy of PCRA counsel's no-merit letter by failing to raise it during Rule 907's 20-day response period"); Commonwealth v. Freeman, 827 A.2d 385, 397 (Pa. 2003) ("[i]t [is] elementary that issues not preserved for appellate review or, even if raised at the trial level, not raised by a party to an appeal, will not be considered by an appellate court") (quotations and citations omitted); Pa.R.A.P. 302(a)

("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Further, even if Appellant had preserved his claim of error, the claim is factually baseless. As the PCRA court explained:

> In his verified motion for leave to withdraw his representation, [Appellant's counsel] asserted that he had advised [Appellant] of his conclusions in a no-merit letter, a copy of which was attached thereto as Exhibit "A." The letter states, in its final paragraph, that "I have served a copy of this 'no-merit' letter and application to withdraw as counsel contemporaneous with the instant filing upon [Appellant,] with a statement advising him . . . [of] his right to proceed pro se or with the assistance of privately retained counsel." A copy of [Appellant's counsel's] cover letter to [Appellant] is also attached to the motion as Exhibit "B," along with a certificate of service of the motion indicating that [Appellant] was served at SCI-Forest by first class mail, postage prepaid, on August 19, 2019 – the same day that the motion was filed. [Appellant's] PCRA petition, statement, and other filings indicate that he is an inmate at SCI-Forest.

PCRA Court Opinion, 1/31/20, at 2-3 (some capitalization omitted).

Thus, even if Appellant had not waived his claim of error, the claim would fail, as it has no basis in fact.

In his second numbered claim on appeal, Appellant contends that the PCRA court erred when it failed to "timely consider and address the merits of Appellant's motion to reconsider the court's dismissal order before the appellate window expired." Appellant's Brief at 4. This claim is not reviewable on appeal. In re Merrick's Estate, 247 A.2d 786, 787 (Pa. 1968) ("[t]he refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal").

Next, Appellant claims that the PCRA court erred when it "denied him an opportunity to amend" his petition and when the court dismissed his petition without holding a hearing. Appellant's Brief at 13.

Appellant's claim that the PCRA court erred when it "denied him an opportunity to amend" his PCRA petition immediately fails, as Appellant was expressly granted permission to amend his PCRA petition – and Appellant, in fact, amended his petition – when counsel filed the application to withdraw and in Appellant's response to the PCRA court's Rule 907 notice. See Appellant's Response to Rule 907 Notice, 9/13/19, at 1-6. As such, this claim is meritless.

Appellant also claims that the PCRA court erred when it dismissed his petition without a hearing. Within Appellant's brief, Appellant argues that he is entitled to a hearing on his ineffective assistance of counsel claims regarding counsel's: "fail[ure] to properly file a Pa.R.A.P. 2119(f) statement challenging the discretionary aspects of the sentence;" "fail[ure] to challenge the legality of the sentence imposed based on [unspecified] sentences which should have merged;" and, failure to file a petition for allowance of appeal to the Pennsylvania Supreme Court. See Appellant's Brief at 13-16.

Appellant did not raise any of these claims in his Rule 1925(b) statement. Indeed, within Appellant's Rule 1925(b) statement, the only claim that Appellant specifically identifies as worthy of a hearing is his claim regarding "the constitutionality of the registration requirements imposed upon him which amount to cumulative punishment in violation of double-jeopardy."

Appellant's Rule 1925(b) Statement, 1/27/20, at 3. Appellant's brief contains no argument regarding "the constitutionality of the registration requirements" and, since Appellant's Rule 1925(b) statement does not raise the claims he argues in his brief to this Court, Appellant's claims on appeal are waived. See Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived").

Finally, Appellant claims that the PCRA court erred when it "fail[ed] to ensure Appellant was provided with copies of his trial and sentencing transcript for purposes of his PCRA prior to dismissing his petition as meritless." Appellant's Brief at 16. This claim is waived because, while Appellant was acting pro se, Appellant neither requested copies of his transcripts nor informed the PCRA court that he was missing any necessary transcripts. Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020